# Helfenstein *versus* Hurst.

An agreement to purchase a judgment which was a lien on real estate, is not within the provision in the first section of the act of 20th March, 1810, excluding from the jurisdiction of justices of the peace *cases of real contract, where the title to lands or tenements may come in question.*

ERROR to the Common Pleas of *Montgomery county.*

This was an appeal from the judgment of a justice of the peace. It was an action brought by Charles Hurst against Samuel Helfenstein, before a justice of the peace, to recover the sum of $70, which Hurst alleged was due to him under an agreement between Helfenstein and one Wells Moore, for a sale of a messuage and tract of land in Montgomery county. The facts were these :—Jacob Hauss was some time previously the owner of the messuage and tract of land. He mortgaged the property to Helfenstein for $1200; subsequently, one John Hurst obtained judgment against Hauss for $200; John Hurst died, and Charles Hurst was substituted as administrator. Hurst, as administrator, proceeded on this judgment, and the property was sold under it. Hurst became the purchaser at the sheriff's sale for the sum of $1500, but *afterwards Helfenstein was substituted.* Before the sheriff's deed was acknowledged, Hurst, Helfenstein, and Hauss agreed that the property should be

[Helfenstein *v.* Hurst.]

taken by Helfenstein at the $1500, discharged of all encumbrances; *that Helfenstein should pay to Hurst* $100, *on account of his judgment,* and that *Hauss* should hold the property as tenant for three years, at an annual rent of $75, and if, at any time within the three years, he could make arrangements to buy the property at such sum as would pay Helfenstein and Hurst, he was to have the privilege of doing so. Before this term expired, and while Hauss was still in possession, William Wentz called upon Helfenstein to purchase the property. Helfenstein said he could not sell without seeing Hurst, who had a claim. After some bargaining, Wentz was referred to Hurst to arrange about this claim. Hurst agreed to take $70. Wentz then bargained for the lot, agreeing to pay Helfenstein . $1595, and also to pay Hurst. This bargain was afterwards transferred by Wentz to Wells Moore, who entered into a written agreement upon the terms above stated. This contract was not executed, Helfenstein declining to execute the deed. Hurst then brought this suit against Helfenstein, to recover the said $70, with interest, *being the balance due upon said judgment.*

KRAUSE, J., charged the jury, *inter alia:*—"The defendant insists that there is no promise shown, if any is shown at all, made by him, which does not in law affect the title to real estate, or involve a consideration of such title; and, therefore, the justice from whom the appeal is taken had no jurisdiction—and the court says to the jury, that if the plaintiff's claim rests on a contract to sell the land to Helfenstein after it was knocked down to him by the sheriff, the justice had no jurisdiction, and the verdict must be for defendant. But it also says, on the other hand, that if the arrangement between plaintiff and defendant was made merely to let defendant be the purchaser at sheriff's sale, on defendant's agreement to pay off a certain sum on his judgment in lieu of the whole, the justice had jurisdiction, and plaintiff may recover whatever sum defendant so promised to pay him."

To which charge defendant excepted. The verdict was for plaintiff, and defendant then moved in arrest of judgment, that the justice had no jurisdiction; which motion was overruled by the court.

By the first section of the act of 20th March, 1810, justices of the peace were invested with jurisdiction of all causes of action arising from contract, either express or implied, in all cases where the sum demanded is not above $100; except in cases of real contract, where the title to lands or tenements may come in question, or action upon promise of marriage.

It was assigned for error:

1. The court erred in charging the jury that, if the arrangement between plaintiff and defendant was made merely to let defendant be the purchaser at sheriff's sale, on defendant's agreement to pay off a certain sum on his judgment in lieu of the whole, the justice

had jurisdiction, and plaintiff may recover whatever sum defendant so promised to pay him.

2. The court erred in overruling defendant's motion in arrest of judgment.

*Freedley*, for plaintiff in error, contended that the title to lands, not only might, but did come into question. The case originated in real estate, and that character pervaded it: 3 *Pa. Rep.* 388; 2 *Watts* 135; 2 *R.* 325.

*Boyd*, for defendant in error.—The defendant agreed to pay $70, whether he sold the property or not.

The opinion of the court was delivered March 31, 1851, by

COULTER, J.—The law as stated and stoutly contended for by the counsel for plaintiff in error is unquestionable, to wit, that in all real contracts where the title to land may come in question, directly, collaterally, or incidentally, as part of the contract sued upon, a justice of the peace has no jurisdiction. The point here is whether it applies to the case on hand.

The contract between Helfenstein and Hurst related to a judgment, and its transfer or payment. It was, to be sure, a lien on the land of Hauss; and as such, both parties regarded it and dealt for it. After the sale of Hauss's estate by the sheriff, the title to the land never could have come in question on that contract—never did come in question on any account. It is true that it was agreed, as an incident to the purchase of Hurst's judgment, that if Hauss in three years became able to refund to Helfenstein the purchase-money and to pay Hurst's judgment in full, that in such case he was to get back the land. But still he was bound to pay the Hurst judgment. Helfenstein agreed to pay part of Hurst's judgment, as the amount of sale did not reach it.

Helfenstein has the land, no person ever questioned the title, and he must pay Hurst what he agreed to pay him for his judgment, according to the contract, which was not a real contract, but a contract to buy and sell a judgment, without regard to or stipulation about title.

Judgment affirmed.